OPINION
Defendant-appellant Mark A. Compton appeals the January 12, 2001 Judgment Entry of the Licking County Municipal Court, which found him guilty of operating an overweight vehicle. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On December 15, 2000, appellant was charged with driving an overloaded vehicle, in violation of R.C. 5577.04, an unclassified misdemeanor. Deputy Workman, of the Licking County Sheriff's Department, was northbound on North 21st Street in Licking County, Ohio, when he noticed appellant's vehicle. Appellant was operating a concrete drum-type mixer with three axles and was traveling southbound on the same street. Traffic was backed up behind appellant's vehicle. Deputy Workman turned around to follow appellant.
At the next traffic light, at Price Road, Deputy Workman noticed thick black smoke coming out of appellant's vehicle, and bulging tires. Deputy Workman further noticed appellant's vehicle seemed to have a hard time getting started from the light; the vehicle was only moving at roughly 10mph. As a result, Deputy Workman stopped the truck.
Appellant gave his bill of lading to the deputy, indicating the truck was hauling eight yards of concrete. Deputy Workman asked appellant to follow him to a location to weigh the vehicle.
After finding a suitable location, Deputy Workman weighed appellant's vehicle using Heney Wheel Load Masters' scales. Deputy Workman testified at trial the combined total weight of the vehicle was 59,400 pounds.[1]
Using a chart which appellee testified was an enlargement of the O.S. 8, a form provided by the Ohio Revised Code, Deputy Workman determined the maximum permitted weight for a vehicle the same length and with the same axle set up as appellant's vehicle was 53,000 pounds. Because Deputy Workman determined appellant's vehicle was 6,400 pounds overweight, he issued a citation to appellant.
At trial, appellant objected to the introduction of testimony concerning the allowable weight of the truck Deputy Workman calculated by using the enlarged copy of O.S. 8. Appellant argued the chart was unauthenticated and not relevant. The trial court overruled appellant's objection. After hearing all the evidence in the bench trial, the trial court found appellant guilty of a violation of R.C. 5577.04, and fined appellant accordingly.
It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 THE TRIAL COURT ERRED BY CONVICTING APPELLANT OF VIOLATING R.C. 5577.04 WHERE THE RECORD FAILS TO SHOW THAT PRIOR TO STOPPING APPELLANT'S TRUCK THE OFFICER ISSUING THE CITATION HAD REASON TO BELIEVE THAT THE WEIGHT OF APPELLANT'S TRUCK AND ITS LOAD WAS UNLAWFUL AS REQUIRED UNDER R.C. 4513.33.
 THE TRIAL COURT ERRED IN ADMITTING A DOCUMENT WHICH PURPORTEDLY SET FORTH THE ALLOWABLE WEIGHT OF THE APPELLANT'S TRUCK WHEN SAID DOCUMENT WAS NOT SELF AUTHENTICATING UNDER EVID. R. 902 NOR PROPERLY AUTHENTICATED UNDER EVID. R. 901, WHEN SAID DOCUMENT WAS THE ONLY PROOF OFFERED TO ESTABLISH THE ALLOWABLE WEIGHT OF APPELLANT'S TRUCK, WHICH WAS A NECESSARY ELEMENT IN DETERMINING WHETHER THE WEIGHT OF APPELLANT'S TRUCK AND ITS LOAD WAS UNLAWFUL.
 I
In his first assignment of error, appellant maintains the trial court erred in convicting appellant where the record demonstrated Deputy Workman unlawfully stopped the vehicle. We disagree.
R.C. 4513.33 states:
 Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing * * *
In order for a police officer to stop a vehicle and check its weight, the officer must have some reasonable and articulable suspicion that the weight of the vehicle and its load is unlawful.[2] The "reason to believe" requirement of RC 4513.33, which is a prerequisite to the authority of a police officer to weigh a vehicle by means of portable scales, is a lower standard than the constitutional concept of probable cause.[3]
Deputy Workman testified he noticed appellant's vehicle appeared to have difficulty pulling away from the light. Deputy Workman had the window down and could hear appellant shifting the gears on the vehicle. He observed heavy black smoke coming from the pipes and the tires bulging. Traffic was backed up behind appellant's vehicle and appellant's vehicle was moving slowly. We find this testimony was sufficient to establish Deputy Workman had reason to believe the weight of the vehicle was unlawful. Because we find no error in the trial court's decision Deputy Workman lawfully stopped the vehicle to be weighed, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in admitting the document which purported to set forth the allowable weight of appellant's truck. Appellant maintains the document was not self authenticating under Evid. R. 902 and was not properly authenticated pursuant to Evid. R. 901. Appellant contends this document was the only proof offered to establish the allowable weight of appellant's truck. Because the document was improperly admitted, appellant maintains the prosecution failed to prove a necessary element of the offense. We disagree.
R.C. 5577.04 governs maximum weight allowances for vehicles with pneumatic tires. It provides, in relevant part:
 (A) The maximum wheel load of any one wheel of any vehicle, trackless trolley, load, object, or structure operated or moved upon improved public highways, streets, bridges, or culverts shall not exceed six hundred fifty pounds per inch width of pneumatic tire, measured as prescribed by section 5577.03 of the Revised Code.
 (B) The weight of vehicle and load imposed upon the road surface by vehicles with pneumatic tires shall not exceed any of the following weight limitations:
(1) On any one axle, twenty thousand pounds;
(2) On any tandem axle, thirty-four thousand pounds;
 (3) On any two or more consecutive axles, the maximum weight as determined by application of the formula provided in division (C) of this section.
 (C) For purposes of division (B)(3) of this section, the maximum gross weight on any two or more consecutive axles shall be determined by application of the following formula:
W = 500((LN/N-1) + 12N +36).
 In this formula, W equals the overall gross weight on any group of two or more consecutive axles to the nearest five hundred pounds, L equals the distance in rounded whole feet between the extreme of any group of two or more consecutive axles, and N equals the number of axles in the group under consideration. However, two consecutive sets of tandem axles may carry a gross load of thirty-four thousand pounds each, provided the overall distance between the first and last axles of such consecutive sets of tandem axles is thirty-six feet or more.
At trial, Deputy Workman testified appellant's vehicle was a concrete drum-type mixer with three axles, and the tires on the vehicle were pneumatic air. The rear axle configuration was tandem. Deputy Workman testified he weighed the vehicle and found axle one, which would be the steering axle, weighed a total of 19,300 pounds; axle two, the first drive axle, weighed 20,300 pounds; axle three weighed 19,800 pounds. The combined weight of the vehicle was 59,400 pounds.
Deputy Workman testified he used Exhibit 8 to calculate the gross load allowable under the statute. Deputy Workman explained Exhibit 8 was actually an enlarged version of O.S. 8, a form provided in the statute and in a book carried by officers for this purpose. Because there are so many numbers and the form is difficult to read in the book, Deputy Workman carried the enlarged copy.
At trial, appellant's attorney objected to the introduction of Exhibit 8 because it was not self authenticating under Evid. R. 902 and was not properly authenticated otherwise.
We agree with appellant Exhibit 8 was improperly admitted, however, we find any error to have been harmless. The trial court is presumed to know the law as set forth in the statute and there is no argument the trial court applied the law improperly. As noted above, the Deputy Workman provided the trial court with facts relative to the weight and type of vehicle. With that information, the trial court is presumed to have properly applied the law from R.C. 5577.04, and to have properly calculated the allowable weight for the vehicle.
Accordingly, appellant's second assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the January 12, 2001 Judgment Entry of the Licking County Municipal Court is affirmed. Costs assessed to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.
[1] Tr. at 13.
[2] State v. Myers (1990), 63 Ohio App.3d 765, 580 N.E.2d 61, dismissed, jurisdictional motion overruled 53 Ohio St.3d 708.
[3] State v. Elder (1989), 65 Ohio App.3d 463.